French, J.
 

 Appellant, in his amended complaint, claims that, beginning in the year 1922 and up to and including 1928, he and the respondent Samuel J. Wilson were, to some extent co-partners, or engaged in a joint venture relating to the handling of certain mining properties. The appellant is and was an experienced mining engineer. In the fall of 1922, the respondent Wilson had been in the
 
 *703
 
 mining business for some two or three years, and at that time the respective parties were practically 'managing directors of two adjoining mining properties in Montana.
 

 These properties were consolidated through the efforts of these men, and for some two or three years they attempted to develop a successful mine, the respondent residing in Spokane, while the appellant spent the most of his time in California. But in July, 1925, it became apparent that nothing more could be done with the consolidated property. Both men had, in the language of the appellant, “gone broke.” Respondent Wilson was selling tires for a tire company, and the appellant was ill down in the state of California.
 

 In the summer of 1926, the respondent organized the Northwest Mines Investment Company, owned practically all of its stock, and to all intents and purposes it is admitted by both respondent and appellant that Mr. Sam J. Wilson and the Northwest Mines Investment Company “may be considered as one and the same.” In July, 1926, respondent wrote to appellant asking him to come to Spokane, and stating:
 

 “I cannot pay you a great big salary, but if you care to come up I will give you $300 a month, and if I make any money, you know I will take care of you at the end of the year.”
 

 To this offer the appellant replied both by letter and telegram, stating:
 

 “While I would like nothing better than to be associated permanently with a go-getter and square-shooter like yourself, I would be acting unfair to desert my present associates in the Colorado negotiations just now. ...”
 

 “I am truly sorry I had to pass up your proposition and I hope that an opportunity may arise some time when we can be associated in some way or another.”
 

 Later in the same year, the appellant came to Spokane and joined forces with the respondent. It is the claim of appellant that there was a joint venture between him and the respondent Wilson on certain properties, and that, if there was not a joint venture, he was entitled to a large amount of extra compensation in addition to the $300 a month credited to him each month on respondent’s books; while it is the claim of the respondent that the relationship was purely that of employer and employee on a straight salary basis.
 

 The trial court found that the relationship was that of employer and employee; that there was certain additional compensation due appellant; found that appellant had purchased from respondent certain stock on margin account; found the amount still due and entered judgment accordingly.
 

 The. statement of facts in this case contains more than five hundred pages. There are many exhibits, consisting of letters, tele
 
 *704
 
 grams, circulars, advertisements, etc. There is nothing hut a question of fact involved in this case. Generally speaking, appellant’s brief discusses only questions of fact and the inferences to be drawn from certain testimony. Respondents’ brief likewise discusses only questions of fact and the inferences to be drawn from certain quoted testimony. The trial court, after argument by counsel, announced:
 

 “I am prepared to decide this case now, gentlemen. There is no dispute about the law. It is just a question of fact.”
 

 To detail the evidence in this case with any degree of accuracy would require at least seventy-five pages of printed matter, and could serve no useful purpose. The statement of facts has been carefully read, and all the exhibits referred to in the briefs of counsel have been examined, and we can reach no different conclusion than that reached by the trial court.
 

 The judgment is therefore affirmed.
 

 Mitchell, C. J., Main, Holcomb, and Fullekton, JJ., concur.